UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROZETT SOUID,<br><br>      Plaintiffs,<br><br>-against-<br><br><br><br>COLLECTION BUREAU OF THE<br>HUDSON VALLEY, INC. a/k/a CBHV<br><br>      Defendants. | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff ROZETT SOUID (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant COLLECTION BUREAU OF THE HUDSON VALLEY, INC. a/k/a CBHV (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code,

1

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a debt collector with its principal office located at 155 North Plank Road, Newburgh, New York 12550.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to November 21, 2015, an obligation was allegedly incurred to Optimum.

13. The Optimum obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged Optimum obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Optimum is a "creditor" as defined by 15 U.S.C.§1692a(4).

16. Defendant contends that the Optimum debt is past due.

17. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

18. Optimum directly or through an intermediary contracted Defendant to collect the Optimum debt.

19. On or about November 21, 2015, the Defendant caused to be delivered to the Plaintiff an initial collection letter ("Letter") in an attempt to collect the alleged Optimum debt. *See* **Exhibit A.**

20. The Letter states that Plaintiff has thirty days from receipt of the letter to dispute the bill.

21. On or about December 1, 2015, the Plaintiff contacted the Defendant to dispute the alleged debt.

22. The Defendant advised the Plaintiff that she would have to contact the corporate offices of Optimum as it relates to any dispute of the alleged debt.

23. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or

3

misleading representation or means in connection with the collection of any debt.

26. The Defendant violated 15 USC §1692e by verbalizing a misleading statement that would cause the least sophisticated consumer to believe that she has to contact the corporate office of the original creditor, Optimum in order to legally dispute the alleged debt.

27. The Defendant further violated 15 USC §1692e by failing to communicate that a disputed debt is disputed in violation of 15 USC §1692e(8).

28. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 15 U.S.C. § 1692f of the FDCPA.

31. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. The Defendant violated same, by refusing to accept the Plaintiff dispute over the telephone and advising the Plaintiff to contact the corporate office of Optimum to dispute same.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*f et seq.* of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

34. A declaration that the Defendant's practices violated the FDCPA;

35. For actual and statutory damages provided and pursuant to:

    - 15 U.S.C. § 1692k(a)(1);
    - 15 U.S.C. § 1692(2)(A);

36. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

37. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 28, 2015

*s/ Ari H. Marcus ,Esq.*
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
Ari@MarcusZelman.com
*Attorneys for Plaintiff*

*s/ Yitzchak Zelman ,Esq.*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
YZelman@MarcusZelman.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: December 28, 2015                                  *s/ Ari H. Marcus ,Esq.*
                                                          Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 28, 2015                                  *s/ Ari H. Marcus ,Esq.*
                                                          Ari Marcus, Esq.